Roig, Plaintiff, Appellant and Appellee, *v.* Pérez, Defendant, Appellant and Appellee.

Appeal from the District Court of Humacao in an Action of Debt.

No. 1811.—Decided April 7, 1919.

Appeal.—In the present case both parties appealed from the judgment of the lower court. The defendant filed no brief and did not appear at the hearing. Pursuant to Supreme Court Rules 42 and 50, this court dismissed the defendant's appeal *motu proprio.*

Damages—Evidence.—In order that a person may be adjudged to pay a fixed sum as damages for the nonperformance of a contract, the party claiming the same must place the trial court in a position to enable it to determine what amount ought to be paid by submitting evidence which leaves no room for doubt.

The facts are stated in the opinion.
*Mr. Francisco González* for the plaintiff.
*Messrs. Huyke* and *López del Valle* for the defendant.
Mr. Justice Aldrey delivered the opinion of the court.

The judgment entered by the District Court of Humacao in this case was appealed from by both parties, but as the defendant has not filed the assignment of errors required by Supreme Court Rule 42, we shall apply Rule 60, according to which the court may dismiss an appeal on its own motion when the appellant fails to comply with any of the rules im-

posing any duty or requirement upon him, or with the law; therefore, we shall consider that he has abandoned his appeal. Nor did the defendant appear at the hearing of the appeal before this court; therefore, we shall consider only the appeal of the plaintiff.

On May 25, 1915, Antonio Roig Torrellas brought an action against Victoriano Pérez to recover the sum of $1,160.48 alleged to be due him as the result of a liquidation of a financing account for the planting and cultivation of sugar cane, in accordance with a contract entered into by them on March 14, 1914, which contract, although stipulated to expire in June, 1916, was rescinded by mutual consent before that time.

In his answer the defendant denied that he owed the amount claimed and in a counter-complaint prayed judgment against the plaintiff in the sum of $500 as damages suffered by him on being deprived of the lands and the ratoons of his cane by the rescission of the financing contract without his consent.

The judgment below was against the defendant for the sum of $660.48, with interest and costs, this amount being arrived at by deducting from the $1,160.48 sued for by the plaintiff the $500 claimed by the defendant as damages for the rescission of the contract before its expiration.

The following grounds are set up by the plaintiff in support of his appeal: That the lower court erred in giving judgment against the defendant for only $660.48, because the facts contemporary with the rescission of the contract give more semblance of veracity to the testimony of his witness, Antonio A. Roig, who testified that the rescission was made by mutual consent, contrary on this point to that of the defendant; that the court also erred in estimating the damages at $500 when not a single witness sustained that conclusion.

As the appeal is supported by the second of these grounds, it is unnecessary for us to decide whether the con-

flict in the evidence as to the rescission of the contract should have been adjusted in favor of the plaintiff, and we will confine ourselves to the second ground.

In the contract the plaintiff agreed to lease the lands and to finance the planting and cultivation of sugar cane thereon by the defendant, and the parties stipulated that the contract should expire on June 1, 1916; but the plaintiff claims that after the grinding season of 1915 the contract was terminated by mutual consent, while the defendant contends that it was without his consent and that the plaintiff took possession of his lands and credited to defendant's account the value of the crops on them.

Leaving aside then the first question raised by the plaintiff-appellant, we will say that after carefully reviewing the evidence examined at the trial as recited in the statement of the case approved by the trial judge, we find that the said evidence is so vague and indefinite as to the damages alleged by the defendant to have been caused him by the rescission of the contract that it furnishes no concrete data sufficient to support a conclusion that he actually suffered damages to the amount of $500 as claimed by him and awarded by the judgment, or in any other sum. In order that a person may be adjudged to pay a fixed sum as damages for the nonperformance of a contract, the party setting up the claim must place the trial court in a position to enable it to determine what amount really ought to be paid.

For the foregoing reasons the appeal of the defendant must be dismissed, and by the appeal of the plaintiff the judgment is reversed and substituted by a judgment against the defendant for the sum of $1,160.48, with legal interest from the filing of the complaint and the costs of the action.

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.